The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT K., KWAN,

    Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

    Defendant.

NO. 2:19-cv-00166-RAJ

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's motion for summary judgment. Dkt. # 19. For the following reasons the Court **GRANTS** the motion.

**I.    BACKGROUND**

Albert K. Kwan ("Mr. Kwan" or "Plaintiff") is challenging a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") decision denying his application for a federal license to engage in the business of dealing firearms. Dkt. # 1. This is not the first time Mr. Kwan has challenged ATF's decision. In 2003, he sought review of ATF's denial of his application to renew his federal firearms license. *See Kwan v. Bureau of*

ORDER – 1

*Alcohol, Tobacco, Firearms, & Explosives,* No. C032626FDB, 2005 WL 1994072, at *2 (W.D. Wash. Aug. 17, 2005) (the "2003 Action").[1] The district court granted the Government's motion for summary judgment, finding that ATF correctly denied Mr. Kwan's application on the basis that he had willfully violated a provision of the Gun Control Act. *Id.* at *3. The decision was later affirmed on appeal. *See Kwan v. Bureau of Alcohol, Tobacco & Firearms*, 235 F. App'x 476 (9th Cir. 2007).

In 2015, Mr. Kwan again applied for a federal firearms license and ATF again denied the application based on his prior violation of the Gun Control Act. Dkt. # 20, Ex. F. Mr. Kwan sought judicial review of ATF's decision in this Court, however, the parties later stipulated to dismissal of the action, with prejudice. *See Mark E. Van Scoy and Albert K. Kwan v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. C16-725RAJ (W.D. Wash.) (the "2016 Action"); Dkt. # 20, Ex. H.

On June 13, 2017, Mr. Kwan took a third bite at the apple, filing another application for a federal firearms license. Dkt. # 16-1 at 1−3. As with his prior two applications, ATF denied Mr. Kwan's application based on his willful violation of the Gun Control Act. *Id.* Mr. Kwan appealed and, after an administrative hearing, ATF affirmed its denial of the application. Dkt. # 16 at 125−128. On February 4, 2019, Mr. Kwan once again petitioned for *de novo* review of ATF's decision. Dkt. # 1.[2] ATF now moves for summary judgment. Dkt. # 19.

---

[1] Under Fed. R. Evid. 201, the Court may take judicial notice of prior court proceedings. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

[2] On June 6, 2019, the Court granted Mr. Kwan leave to file an amended complaint correctly naming ATF as the proper defendant in this action, pursuant to the parties' stipulation. Dkt. # 25. On February 5, 2020, Mr. Kwan filed an amended complaint. Dkt. # 32. Accordingly, for the purposes of this motion, the Court will consider ATF the properly named defendant.

ORDER – 2

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the moving party shows that there are no genuine issues of material fact, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial. *Id.* The court must view the evidence in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150−51 (2000).

18 U.S.C. § 923(f)(3) provides that the Attorney General's decision to revoke or deny renewal of a federal firearms license is subject to *de novo* review in the United States District Court. 18 U.S.C. § 923(f)(3). The court may consider any evidence submitted by the parties to the proceeding even if the evidence was not considered at the administrative hearing and there is no requirement that the court conduct an evidentiary hearing. *Cucchiara v. Sec'y of Treasury*, 652 F.2d 28, 30 (9th Cir. 1981). The district court may reverse the Attorney General's decision only if the Court finds that "the Attorney General was not authorized to . . . revoke the license." 18 U.S.C. § 923(f)(3).

## III. DISCUSSION

The Government moves for summary judgment on two grounds: (1) the doctrines of collateral estoppel and res judicata bar Plaintiff's suit, and (2) ATF was fully authorized to deny Plaintiff's application for a federal firearms license based on his prior violation of the Gun Control Act. Dkt. # 19.

### A. <u>Collateral Estoppel Bars Plaintiff's Lawsuit</u>

The doctrine of collateral estoppel, also known as issue preclusion, prevents a party from seeking to overturn factual findings and legal conclusions determined against them in a prior lawsuit where: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a

full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended* (May 3, 2012). The Government argues that Mr. Kwan's claims were fully litigated in the 2003 action, and that as a result, he is precluded from re-litigating the same issues here. The Court agrees.

In 2003, Mr. Kwan appealed ATF's denial of his application to renew his federal firearms license. *See Kwan,* 2005 WL 1994072, at *2. ATF filed a motion for summary judgment and the district court concluded that ATF acted within its authority when it denied the application on the basis that: (1) Mr. Kwan willfully failed to engage in any substantial activity involving the manufacture or importing of firearms, or the manufacturing of ammunition in violation of 18 U.S.C. § 921(a)(21)(A), and (2) Mr. Kwan was correctly found to have willfully violated 18 U.S.C. § 923(g)(1)(B) by failing to cooperate when the agency attempted to conduct an inspection of his two licensed premises. *Id.* at 3. Mr. Kwan appealed to the Ninth Circuit Court of Appeals and the district court's decision was affirmed. *Kwan v. Bureau of Alcohol, Tobacco & Firearms*, 235 F. App'x 476 (9th Cir. 2007). In denying Mr. Kwan's most recent application for a federal firearms license, ATF relied on his previous violation of the Gun Control Act that was fully litigated in the district court. Dkt. # 16-1 at 1−2.

Mr. Kwan now argues that he should not be estopped from relitigating the same issues because the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), "radically altered the landscape of Second Amendment law." Dkt. # 28 at 7. This argument is without merit. In *Heller*, the Supreme Court held that "the Second Amendment conferred an individual right to keep and bear arms." *Heller*, 554 U.S. at 595. But Mr. Kwan is not arguing that his right to *possess* a firearm is being restricted. Instead, he is arguing that ATF is restricting his right to *sell* firearms.

ORDER – 4

As the Ninth Circuit has previously recognized, the Second Amendment does not guarantee the right to sell firearms. *Teixeira v. County of Alameda*, 873 F.3d 670, 683 (9th Cir. 2017) ("the Second Amendment does not confer a freestanding right, wholly detached from any customer's ability to acquire firearms, upon a proprietor of a commercial establishment to sell firearms . . . the right of gun users to acquire firearms legally is not coextensive with the right of a particular proprietor to sell them."). Nothing in the *Heller* opinion contradicts this interpretation. *See Heller*, 554 U.S. at 626-27 ("[N]othing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms."); *see also Teixeira,* at 683 ("[n]othing in the text of the Amendment, as interpreted authoritatively in *Heller*, suggests the Second Amendment confers an independent right to sell or trade weapons.").

Mr. Kwan also attempts to argue that the district court in the 2003 action applied the incorrect standard of review because the Court's decision in *Heller* changed the standard of review for actions brought pursuant to 18 U.S.C. § 923(f)(3), from rational basis to some higher level of scrutiny. Dkt. # 28 at 6−11. This argument fails for two reasons. First, the Court in *Heller* was reviewing the constitutionality of statutes regulating gun possession. *Heller*, 554 U.S. at 574−75. Mr. Kwan is not challenging the constitutionality of 18 U.S.C. § 923(f)(3), but rather ATF's application of it. Second, Mr. Kwan offers no evidence to support his claim that the court in the 2003 action even applied rational basis scrutiny.

After viewing the parties' briefing and the remainder of the record, the Court finds that Mr. Kwan's suit is barred by the doctrine of collateral estoppel. The district court's decision on summary judgment in Mr. Kwan's 2003 action was based on the same nucleus of facts and was "actually litigated" by the parties who now appear in this case. *See Kwan,* 2005 WL 1994072; *see also* Dkt. # 20, Ex. C. The court's final judgment was based on the same issues that Mr. Kwan now asks this Court to revisit.

ORDER – 5

*Kwan,* 2005 WL 1994072 at *3. To permit Mr. Kwan to relitigate the exact same issues nearly 17 years later, would undermine the purpose of the collateral estoppel doctrine.[3]

## B. <u>ATF Was Fully Authorized to Deny Plaintiff's Application</u>

Even if Mr. Kwan's suit was not barred by the doctrine of collateral estoppel, he has failed to establish a genuine issue of material fact as to whether ATF was authorized to deny his application. Under 18 U.S.C. § 923(d)(1)C), the Attorney General may revoke a firearms dealer license when an applicant has "willfully violated any of the provisions of [the Gun Control Act]." A single willful violation is a sufficient basis to revoke a federal firearms license. *General Store, Inc. v. Van Loan*, 560 F.3d 920, 924 (9th Cir. 2009). A violation is willful if "a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them." *Perri v. Department of Treasury*, 637 F.2d 1332, (9th Cir. 1981).

The Government argues that ATF was within its authority when it denied Plaintiff's application based on his prior violation of the Gun Control Act, as determined by the district court in the 2003 action. *See Kwan*, 2005 WL 1994072, at *3. Mr. Kwan offers almost no facts to dispute the Government's argument that he willfully violated the Gun Control Act and that ATF was authorized to deny his application based on this prior violation. Although he appears to challenge ATF's assertion that he willfully violated the Gun Control Act — vaguely describing "issues" with ATF inspectors and the nature of their compliance inspections — he offers no admissible evidence to support his factual allegations. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact."). Similarly, Mr. Kwan's conclusory assertion that ATF has historically taken inconsistent positions on whether individuals "conducting activity

---

[3] Because the Court finds that the doctrine of collateral estoppel bars Plaintiff's claims, the Court will not address Defendants' argument that Plaintiff's suit is also barred by the doctrine of res judicata.

at the margin of selling" should be licensed, is wholly unsupported by the record and of limited relevance.

Here, the record shows that ATF denied Mr. Kwan's application based upon his prior violation of the Gun Control Act. Mr. Kwan offers no evidence to dispute this. Because a single violation of the Gun Control Act is a sufficient basis to deny federal firearms license application, ATF was within its authority in denying Mr. Kwan's application. *General Store, Inc. v. Van Loan*, 560 F.3d 920, 924 (9th Cir. 2009). Accordingly, after conducting a *de novo* review and drawing all reasonable inferences in favor of Plaintiff, the Court concludes that Mr. Kwan has not raised a genuine issue of material fact and, as a result, the Government is entitled to judgment as a matter of law.

### C. Constitutionality of 18 U.S.C. § 923(d)(1)(C)

Finally, in what appears to be a last-ditch effort to salvage his lawsuit, Mr. Kwan now attempts to challenge the constitutionality of 18 U.S.C. § 923. *See* Dkt. # 28 at 12. Mr. Kwan's complaint, however, does not include any allegations regarding the constitutionality of the statute and the Court will not consider new theories of liability raised in a summary judgment motion. *Wasco Prods., Inc. v. Southwall Techs., Inc*., 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings."); *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1292 (9th Cir. 2000) (holding that allowing the plaintiffs to proceed with a new theory of liability after the close of discovery would prejudice the defendants). In addition, as discussed above, Plaintiff provides no legal authority for his argument that the Second Amendment guarantees a right to deal in firearms and, as a result, cannot challenge the constitutionality of 18 U.S.C. § 923 as it applies to his claim.

//

//

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment. Dkt. # 19.

DATED this 5th day of February, 2020.

The Honorable Richard A. Jones
United States District Judge